GAIL SHIFMAN (State Bar No. 147334)
Law Office of Gail Shifman
2431 Fillmore Street
San Francisco, California 94115-1814
Telephone:   (415) 551-1500
Facsimile:   (415) 551-1502
Email:       gail@shifmangroup.com

Attorney for Defendant
ANDY REANOS-MORENO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 19-0381 CRB |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL** |
| vs. | |
| ANDY REANOS-MORENO, | Date: May 13, 2020 |
| Defendant. | Time: 1:30 p.m. |
| | Court: Hon. Charles R. Breyer |

**INTRODUCTION**

Where, as here, an irreconcilable conflict exists between counsel and defendant, depriving the defendant of the guarantees of the Sixth Amendment, counsel is required to move to withdraw from representation and request that the Court substitute new counsel to represent the defendant.

This Memorandum addresses the issues to be determined by the Court and is filed to assist the Court during an ex-parte sealed inquiry, which is requested in this matter.  Three factors must be addressed in the Court's inquiry: the adequacy of the district court's inquiry, the extent of any conflict, and the timeliness of the filing of the motion seeking new counsel. See *United States v.*

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

1

*Musa*, 220 F.3d 1096, 1102 (9th Cir. 2000); *United States v. Corona-Garcia*, 210 F.3d 973, 976 (9th Cir. 2000); *United States of America v. Adelzo-Gonzalez*, 268 F.3d 772 (9th Cir. 2001); see also *United States v. Moore*, 159 F.3d 1154, 1158-59 & n.3 (9th Cir. 1998).

### The Ex-Parte Inquiry and the Extent of the Conflict

Before ruling on a motion to substitute counsel due to an irreconcilable conflict, a district court must conduct "such necessary inquiry as might ease the defendant's dissatisfaction, distrust, and concern." *United States v. Garcia*, 924 F.2d 925, 926 (9th Cir. 1991) (internal quotation and citation omitted); see also *Brown v. Craven*, 424 F.2d 1166, 1170 (9th Cir. 1970). The inquiry must also provide a "sufficient basis for reaching an informed decision." *United States v. McClendon*, 782 F.2d 785, 789 (9th Cir. 1986). Thus, the district court may need to evaluate the depth of any conflict between defendant and counsel, the extent of any breakdown in communication, how much time may be necessary for a new attorney to prepare, and any delay or inconvenience that may result from substitution. See *United States v. D'Amore*, 56 F.3d 1202, 1205 (9th Cir. 1995), overruled on other grounds. In most circumstances a court can only ascertain the extent of a breakdown in communication by asking specific and targeted questions. See *United States v. Torres-Rodriguez*, 930 F.2d 1375, 1381 (9th Cir. 1991), abrogated on other grounds by *Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995).

The questions need not focus on counsel's ability to provide adequate representation but instead must focus on the status and quality of the attorney-client relationship. See *Musa*, 220 F.3d at 1102 ("Even if a defendant's counsel is competent, a serious breakdown in communication can result in an inadequate defense."); *D'Amore*, 56 F.3d at 1206 ("[A] court may not deny a substitution motion simply because it thinks current counsel's representation is

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

adequate.") See *United States v. Nguyen*, 262 F.3d 998 (9th Cir. 2001). Where the relationship between attorney and client is antagonistic, lacking in trust, and quarrelsome, it will be error to deny the substitution of counsel. *See United States v. Williams*, 594 F.2d 1258,1260 (9th Cir.1979) (sufficient conflict where defendant "was forced into trial with a particular lawyer with whom he was dissatisfied, with whom he would not cooperate, and with whom he would not, in any manner whatsoever, communicate"). An irreconcilable conflict that exists between a defendant and his counsel substantially interferes with counsel's ability to provide adequate representation.

Where, as here, the conflict is based on more than a dispute regarding trial tactics, *United States v. Carter*, 560 F.3d 1107 (9th Cir. 2009); *United States v. McKenna*, 327 F.3d 830,844 (9th Cir. 2003) courts have granted a motion to substitute. *See, e.g., United States v. Adelzo-Gonzalez*, 268 F.3d 772, 779 (9th Cir. 2001); *United States v. Moore*, 159 F.3d 1154, 1160 (9th Cir. 1998); *United States v. Walker*, 915 F.2d 480, 483-84 (9th Cir. 1990).

<u>The Timeliness of the Motion</u>

This motion is made timely, during the time when discovery is still being provided and reviewed. It is not made for purposes of delay but is instead being made because of the complete breakdown in the attorney client relationship. Given the fundamental nature of this constitutionally protected right, it is essential that a charged defendant be afforded counsel who can guarantee the delivery of effective assistance.

Even in those cases where these motions are brought on the eve of trial, a district court may not deny motion to substitute counsel solely because it was brought late. *United States v. Torres-Rodriguez*, 930 F.2d 1375, 1380-81 (9th Cir. 1991) (reversing conviction despite request for substitution made on day of trial).

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

**Conclusion**

Defendant Andy Reanos Moreno and Counsel seek the granting of this motion and the appointment of substitute counsel following the ex parte sealed hearing in this matter.

Dated: May 10, 2020

Respectfully submitted,

/s/ Gail Shifman
_____
GAIL SHIFMAN
Attorney for Defendant